DEY *against* LOVETT and others, Assignees of RICHARDS and COIT, Insolvents.

The costs of suit, mentioned in the 21st section of the act, giving relief in cases of insolvency, (24th sess. c. 131.) do not mean costs arising on suits before instituted by the insolvent; such costs are not entitled to a preference over other debts.

THIS was an action of *assumpsit*, to recover 451 dollars and 49 cents, being the amount of taxed bills of costs of the plaintiff, who was attorney of the insolvent debtors.

*Richards* and *Coit*, the insolvents, in *January* and *February*, 1808, put into the hands of the plaintiff, as their attorney, two bills of exchange, and other demands, on which the plaintiff brought six suits in the supreme court. On the 23d of *February*, 1808, *Richards* and *Coit* became insolvent, and so continued until the 19th *May*, 1808, when they were duly discharged under the act, and their property assigned to the defendants.

On the 16th *June*, 1808, judgments were recovered on the bills of exchange, and the costs taxed; on the 13th *January*, 1809, judgment was entered, and costs taxed in another of the suits; and another suit was at the same time discontinued, by order of *Richards* and *Coit*, and the costs were also taxed. All the defendants in the said several suits became insolvent, and have not paid any part of the debts or costs. On the 23d of *February*, 1810, due notice was given to the present defendants, of the demand of the plaintiff, and before any

dividend was made by them on the estate of *Richards* and *Coit*. A dividend of 25 *per cent.* was, afterwards, in *June*, 1810, made by the defendants. The amount received by the defendants out of the estate of the insolvents, besides the dividend made, is sufficient to pay the costs and charges of the insolvents' discharge, and the demand of the plaintiff.

ALBANY,
Feb. 1811.

DEY
v.
LOVETT.

The case was submitted to the court, without argument. The plaintiff relied on the 21st section of the act, for giving relief in cases of insolvency, (24th sess. c. 131.) which declares that all costs of suit, prison and gaol fees, and charges of proceedings under the act to obtain the discharge of the insolvent, shall be *first paid* by the assignees, out of the insolvent's estate.

*Per Curiam.* The costs of suit mentioned in the 21st section of the insolvent act, certainly do not mean the costs arising upon suits before instituted by the insolvent. Such costs are not entitled to a preference any more than other debts. It was, therefore, the proper course for the plaintiff, to have presented his bills of costs for liquidation, in the mode pointed out by the act, and to come in for his dividend along with the other creditors. Until he has done this, and the defendants have refused him his dividend, it would seem that he has no right of action against the assignees. But as this case contains some agreement or stipulation on the subject, it is sufficient for the court to have decided the point submitted, and to leave the suit to be afterwards adjusted according to the case.